Jesse Evans-Schroeder (SBN 027434)
jesse@arizonaimmigration.net
GREEN | EVANS-SCHROEDER
130 W. Cushing St.
Tucson, Arizona 85701
Tel.: (520) 844-2263
Facsimile: (520) 882-8843

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IRVIN ALEJANDRO CASTILLO-PAYAN,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff, Mr. Irvin Alejandro Castillo-Payan, brings this Complaint pursuant to the Freedom of Information Act ("FOIA"). Plaintiff seeks injunctive and declaratory relief pursuant to the FOIA to compel Defendants to immediately release all records relating to Plaintiff in response to his FOIA Request.

2. Plaintiff bases these allegations upon his personal knowledge, and information and belief.

3. This action is brought pursuant to the Freedom of Information Act (5 U.S.C. § 552, *et seq*).

5. This action challenges Defendants failure to conduct an adequate search for records, failure to produce all non-exempt records responsive to the FOIA request, and failure to produce all segregable information contained in records responsive to Plaintiff's FOIA Request. Accordingly, Plaintiff is entitled to a judgment declaring that Defendants have violated FOIA and ordering Defendants to conduct a reasonable and adequate search for records responsive to the FOIA Request and to provide such records to Plaintiff, promptly produce all non-exempt records responsive to the FOIA request, and promptly produce all segregable non-exempt information from the records responsive to the FOIA request.

## JURISDICTION

6. This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*.

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 551 *et seq.,* and 28 U.S.C. § 1331 (federal question).

8. The Court may grant relief pursuant to 28 U.S.C. §§ 2201-02.

## VENUE

9. Venue properly lies within the District of Arizona pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because this is a civil action involving a defendant agency of the United States, Plaintiff resides in the judicial district, and there is no real property involved.

## PARTIES

10. Plaintiff, Irvin Alejandro Castillo Payan, is a citizen of Mexico who resides in Tucson, Arizona. He filed an I-821D, renewal Deferred Action for Childhood Arrivals ("DACA") application with United States Citizenship and Immigration Services ("USCIS") on or about November 18, 2021, and his application was denied on or about March 16, 2022. He reapplied for DACA renewal on or about August 26, 2022, and this application was denied on or about October 20, 2022. He filed a FOIA request on November 3, 2023, for a complete copy of all records in his Alien File ("A File") file relating to the processing of his 2021 and 2022 DACA applications. USCIS provided a response, and Plaintiff appealed the release on or about March 13, 2024. Plaintiff's appeal was denied on April 4, 2024.

11. Defendant U.S. Department of Homeland Security ("DHS") is an executive department of the United States, 6 U.S.C. § 111, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). DHS is charged with the statutory and regulatory obligation of administering and enforcing the immigration laws of the United States. DHS is also an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

12. Defendant USCIS is a component of the DHS, 6 U.S.C. § 271(a)(1), and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is the agency charged with the statutory and regulatory obligation of adjudicating immigration benefit applications, including applications for DACA. USCIS is also an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

13. Mr. Irvin Alejandro Castillo Payan was born on August 10, 1996, in Chihuahua, Mexico. Exhibit A, Initial DACA Application.

14. Mr. Castillo Payan last entered the United States in or around February of 1993, without inspection. Exhibit A.

15. Mr. Castillo Payan received an initial grant of DACA on October 10, 2012, which was valid through October 8, 2014. Exhibit B, 2012 DACA Approval.

16. He applied for, and then received a renewals of, his DACA authorization on the following dates; September 15, 2014 (valid until September 8, 2016), August 8, 2016 (valid until August 7, 2018), April 17, 2018 (valid until April 16, 2020), and April 15, 2020 (valid until April 14, 2022). Exhibit C, 2014-2020 DACA Renewal Approvals.

17. On or about November 18, 2021, Mr. Castillo Payan submitted DACA renewal application. Exhibit D, 2021 DACA Renewal Application and Receipt. This application was denied on March 16, 2022. Exhibit E, March 2022 DACA Denial.

18. On or about August 22, 2022, Mr. Castill0 Payan again attempted to renew his DACA application. Exhibit F, 2022 DACA Renewal Application and Receipt. This application was denied on October 25, 2022. Exhibit G, October 2022 DACA Denial.

19. At the time of filing, Plaintiff resided in Phoenix, Arizona.

20. On or about November 3, 2023, Mr. Castillo Payan filed a FOIA request with Defendant USCIS requesting the following agency records:

- Any and all records (including, but not limited to, adjudicator notes, conversations, e-mails, memos, internal correspondence, and other related documents) concerning Mr. Castillo Payan's I-821D (Receipt Numbers IOE0917387075 and

IOE0914247085) and related I-765 Renewal Applications, which were denied by the Service on or around 03/16/2022 and 10/25/2022.Exhibit J, USCIS FOIA Request.

Exhibit H, FOIA Request.

21. On December 16, 2023, USCIS responded to the request, finding 467 responsive pages and releasing 410 pages in their entirety and 57 pages in part. The disclosure included "all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA." Exhibit I, USCIS FOIA Response.

22. On March 13, 2024, Mr. Castillo Payan filed an appeal of the USCIS FOIA disclosure, on the basis that USCIS improperly withheld agency records as the search conducted was inadequate, USCIS failed to disclose responsive "agency records" in the agency's possession in connection with agency-related business, whether or not those records originated in a different agency or entity, and USCIS improperly applied the (b)(6), (b)(7)(E), and (b)(7)(C) exemptions. Exhibit J, FOIA Appeal.

23. USCIS FOIA/PA Appeals Office received the administrative appeal on March 15, 2024. Exhibit K, FOIA Appeal Delivery Confirmation.

24. The USCIS FOIA/PA Appeals Office responded to Mr. Castillo Payan's appeal on April 4, 2024. The decision affirmed the decision of the National Records Center to withhold 57 pages in part. Exhibit L, FOIA Appeal Decision.

**CAUSE OF ACTION**

**Freedom of Information Act – 5 U.S.C. § 552(a)(3)**

25. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

26. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

27. Upon information and belief, Defendants have not conducted and/or completed an adequate search for responsive records to Plaintiff's FOIA request.

28. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

29. Defendants' failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

**Fourth Claim**

**Freedom of Information Act – 5 U.S.C. § 552(a)(8)(A)(i), (b)**

30. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

31. Defendant is obligated to release records requested under FOIA unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). If Defendant determines that it will not comply with a request for a

record, it must provide a lawful reason for withholding any responsive records. *See, e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

32. Defendant has withheld 57 pages of responsive record in part pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(6), (b)(7)(E), and (b)(7)(C).

33. Defendant has improperly applied FOIA exemptions (b)(6), (b)(7)(E), and (b)(7)(C) found in § 552(b).

34. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's withholding of the records in whole or in part.

35. Defendant's failure to release all non-exempt records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(i) and (b), as well as the regulations promulgated thereunder.

**Fifth Claim**

**Freedom of Information Act – 5 U.S.C. § 552(a)(8)(A)(ii), (b)**

36. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

37. Defendant is obligated to release "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt under [5 U.S.C. § 552(b)]." 5 U.S.C.§ 552(b). In responding to FOIA requests, the agency must "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and also "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii).

38. Upon information and belief, Defendant failed to segregate exempt

information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

39. Plaintiff has a legal right to obtain such segregable information, and no legal basis exists for Defendant to withhold it.

40. Defendant's failure to release all segregable information in records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(ii) and (b), as well as the regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare unlawful Defendant's failure to conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

(3) Order Defendant to make a full, adequate, and expeditious search for the requested records;

(4) Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

(5) Enjoin Defendant from improperly withholding requested records;

(6) Award costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E) and any other applicable provision of law; and

(7) Grant such further relief as the Court deems just, equitable, and proper.

Dated: March 14, 2025 Respectfully submitted,

s/ Jesse Evans-Schroeder
Jesse Evans-Schroeder,
AZ Bar No. 027434
jesse@arizonaimmigration.net

*Counsel for Plaintiff*